The order below is hereby signed.

Signed: April 3 2019



S. Martin Teel, Jr.
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                    )
                                          )        Case No. 18-00781-SMT
UPPER CUTS GENTLEMEN'S                     )        (Chapter 11)
GROOMING PLACE, L.L.C.,                    )
                                          )
         Debtor.                          )
                                          )

### STIPULATION AND CONSENT ORDER AUTHORIZING DEBTOR
### TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363

Upper Cuts Gentlemen's Grooming Place, L.L.C. (the "**Debtor**") and SunTrust Bank, by

their respective undersigned counsel, hereby enter into this *Stipulation and Consent Order*

*Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363* (the "**Order**"), and

hereby STIPULATE AND AGREE as follows:

#### Background

A.      On December 7, 2018 (the "**Petition Date**"), the Debtor commenced this Chapter

11 case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under Chapter 11 of the

United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* as amended (the "**Bankruptcy Code**")

in the United States Bankruptcy Court for the District of Columbia (the "**Court**").

B.      The Debtor continues to operate its business and manage its properties as a debtor

in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in this Chapter 11 Case.

C.    As of the date of this Order, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors in this case.

D.    The Debtor is a District of Columbia limited liability company that operates an upscale full service men's grooming and hair salon business located at 716 14th Street, NW, Washington, D.C. 20005.

### The Prepetition Secured Loan

E.    Prior to the Petition Date, SunTrust Bank extended a $233,000.00 commercial loan (the **"Loan"**) to the Debtor, as evidenced by, among other things, a *$233,000.00 Note,* dated June 12, 2015, executed and delivered by the Debtor to the order of SunTrust Bank (the **"Note"**).

F.    The indebtedness and obligations owed to SunTrust Bank under the Note are secured by duly perfected, first-priority liens and security interests in, to and against all assets of the Debtor, including, without limitation, all of the Debtor's right, title and interest now existing or hereafter acquired in all accounts, accounts receivable, contracts, contracts receivable, inventory, furniture, fixtures and equipment, general intangibles, instruments, documents, chattel paper, insurance proceeds, deposit accounts, and all products and proceeds of all of the foregoing, pursuant to and as more particularly described in: (i) a *Security Agreement,* dated June 12, 2015, executed and delivered by the Debtor in favor of SunTrust Bank; and (ii) a *Financing Statement* given by the Debtor in favor of the Bank, and recorded in the Office of the Recorder of Deeds for the District of Columbia (collectively, the **"Security Documents"**).

G.    The Note, the Security Documents, all other documents evidencing, securing, guarantying or otherwise documenting the indebtedness and obligations owed to SunTrust Bank under the Loan, and all other documents relating thereto and/or executed in connection therewith, are hereafter collectively referred to as the **"Loan Documents"**.

## Confirmation of Prepetition Collateral

H.      All indebtedness and obligations owed by the Debtor to SunTrust Bank under the Loan Documents (including all principal, accrued and unpaid interest, late charges, costs, expenses, attorneys' fees, and all other sums now or hereafter due or payable to SunTrust Bank under the Loan Documents), are secured by duly perfected, first-priority liens and security interests in, to and against all assets of the Debtor, including, without limitation, all of the Debtor's right, title and interest now existing or hereafter acquired in all accounts, accounts receivable, contracts, contracts receivable, inventory, furniture, fixtures and equipment, general intangibles, instruments, documents, chattel paper, insurance proceeds, deposit accounts, and all products and proceeds of any of the foregoing assets, pursuant to and as more particularly described in the Security Documents.

I.      All assets of the Debtor that serve as security for the indebtedness and obligations owed to SunTrust Bank under the Loan Documents are hereafter collectively referred to as the "**Prepetition Collateral**".

## Confirmation of Indebtedness and Prepetition Liens

J.      As of December 7, 2018, the indebtedness owed by the Debtor to SunTrust Bank under Loan Documents, excluding costs, expenses and attorneys' fees, amounted to $192,451.80 consisting of principal in the amount of $176,031.87, accrued and unpaid interest in the amount of $14,307.07 and late charges in the amount of $2,112.86. All indebtedness owed to SunTrust Bank under the Loan Documents, including, without limitation, all principal, accrued and unpaid interest, late charges, costs, expenses and attorneys' fees owed thereunder, is hereafter collectively referred to as the "**Indebtedness**".

K.    The Debtor hereby acknowledges, ratifies and confirms that:

(i)    all of the Loan Documents are valid and enforceable against the Debtor in accordance with their terms;

(ii)    all of the Indebtedness evidenced by the Loan Documents is due and owing, is a legal, binding and enforceable obligation of the Debtor (and any non-debtor guarantors thereof), is not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and is not subject to avoidance, disallowance, reduction or subordination pursuant to applicable state or federal laws (including the Bankruptcy Code);

(iii)    SunTrust Bank holds valid, enforceable and properly perfected first-priority liens and security interests in, to and against all of the Prepetition Collateral, and all products and proceeds thereof, and SunTrust Bank's liens and security interests with respect to the Prepetition Collateral are not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and are not subject to avoidance, disallowance, reduction or subordination pursuant to applicable state or federal laws (including the Bankruptcy Code); and

(iv)    the Debtor has no existing claims (as such term is defined in Section 101(5) of the Bankruptcy Code), causes of action, breaches of contract or other liabilities, whether liquidated or unliquidated, direct or indirect, and whether arising under state or federal law (including the Bankruptcy Code) against SunTrust Bank or any its affiliates, predecessors, agents, representatives, employees or attorneys (collectively, the "**SunTrust Parties**"), arising from or in any way relating to the Loan, the Loan Documents or the Prepetition Collateral, or the SunTrust Parties' dealings with the Debtor or any guarantor in connection with the Loan, the Loan Documents or the Prepetition Collateral.

- 4 -

L.      The Debtor hereby irrevocably waives any right to challenge or contest the validity of the Indebtedness, the Loan Documents or SunTrust Bank's liens and security interests in the Prepetition Collateral.

### The Debtor's Need for Use of Cash Collateral

M.      All cash products and proceeds of the Prepetition Collateral that come into the possession, custody or control of the Debtor (both prepetition and post-petition) constitute SunTrust Bank's cash collateral (collectively, the "**Cash Collateral**") as that term is defined in Section 363(a) of the Bankruptcy Code.

N.      The Debtor has filed an *Amended Motion for Approval of Consent Order Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363* (the "**Motion**").

O.      An immediate need exists for the Debtor to obtain use of SunTrust Bank's Cash Collateral to fund its critical business operations.  A schedule of the Debtor's cash requirements is set forth in the budget (the "**Budget**") attached hereto as **Exhibit A** and incorporated by reference herein.

P.      The Debtor is not authorized to use SunTrust Bank's Cash Collateral absent SunTrust Bank's consent to such usage and the entry of an order of this Court authorizing such use pursuant to applicable bankruptcy law.  In all circumstances, SunTrust Bank is entitled to adequate protection of its interest in the Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code, including, without limitation, compensation to SunTrust Bank for any loss or diminution in the value of the Cash Collateral resulting from the Debtor's use of the same pursuant to this Order.  SunTrust Bank is willing to consent to the Debtor's use of Cash Collateral pursuant to the terms and conditions of this Order.

Q.      Good and sufficient cause has been shown for the entry of this Order.  Among other things, the entry of this Order will minimize the disruption of the Debtor's existing

business and enable the Debtor to, *inter alia*, fund its critical business operations and maintain adequate cash resources to administer and preserve the value of the Debtor's business.

**NOW THEREFORE**, upon consideration of the Motion and the foregoing stipulations and admissions of the Debtor and SunTrust Bank, it is by the United States Bankruptcy Court for the District of Columbia, hereby, **ORDERED, ADJUDGED AND DECREED**:

1.    Incorporation by Reference.  The foregoing stipulations and admissions of the Debtor and SunTrust Bank are incorporated by reference into this Order.

2.    Jurisdiction and Venue.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (M), and (O), involving matters concerning the use of cash collateral under Section 363 of the Bankruptcy Code.  Venue over this matter is proper in this Court pursuant to 28 U.S.C. § 1408.

3.    Notice.  The Debtor has provided adequate and proper notice of the Motion and this Order to SunTrust Bank, the Office of the United States Trustee for the District of Columbia, and all creditors and other parties-in-interest in this Chapter 11 Case in accordance with Sections 102, 105, 361, and 363 of the Bankruptcy Code and Federal Bankruptcy Rule 4001, and no other or further notice need be provided as a condition to the entry of this Order.

4.    Consent of SunTrust Bank.  Subject to the entry and continued effectiveness of this Order, SunTrust Bank consents to the Debtor's use of Cash Collateral pursuant to the Budget and the other terms and conditions contained herein.  Notwithstanding SunTrust Bank's consent to the Debtor's use of Cash Collateral pursuant to this Order, nothing contained herein shall limit or prohibit SunTrust Bank from objecting to any relief sought by the Debtor in this

Chapter 11 Case, including, without limitation, any request for DIP Financing[1] or any motion requesting further use of SunTrust Bank's Cash Collateral. Furthermore, nothing in this Order shall in any way restrict the scope of SunTrust Bank's liens and security interests in the Prepetition Collateral or otherwise impair SunTrust Bank's liens, security interests, setoff rights, or claims with respect to the Indebtedness or the Prepetition Collateral, or any products, proceeds, rents, receipts and profits thereof. SunTrust Bank's liens, security interests, setoff rights, and claims against the Prepetition Collateral and the products, proceeds, rents, receipts and profits thereof shall extend to the fullest extent permitted by Section 552(b) of the Bankruptcy Code. This Order shall be subject to the right of SunTrust Bank to terminate its consent to the Debtor's use of Cash Collateral as provided in this Order or the expiration of such consent on the date set forth herein.

5.    <u>Authorization to Use Cash Collateral; Monthly Monitoring; Termination</u>. Provided that no Event of Default (as defined below) occurs under this Order, the Debtor is authorized to use SunTrust Bank's Cash Collateral subject to the terms and conditions set forth below:

(a)    <u>Authorized and Prohibited Uses; Budget</u>. The Debtor is authorized to use Cash Collateral for the period beginning on December 7, 2018 and continuing to and until 4:00 p.m. on April 7, 2019, but shall only use Cash Collateral during such time period in the amounts and category limits set forth in the Budget. The Debtor shall not: (i) loan or advance any money to any person or entity for any reason; (ii) pay any dividend, distribution or other funds, to any of the Debtor's shareholders, officers or directors; or (iii) redeem any stock in the Debtor or make any installment payment, distribution or other transfer to any shareholder or former shareholder of the Debtor in connection with a previous stock redemption.

(b)    <u>Administrative Expenses</u>. The Debtor shall not use Cash Collateral to pay any administrative expenses or professional fees of the Debtor or the Debtor's estate,

---

[1] The term "**DIP Financing**" means any debtor-in-possession financing facility, cash loans or liquidity facility to be provided to the Debtor pursuant to Section 364 of the Bankruptcy Code and to be secured by liens on and against property of the Debtor's estate. Any party that agrees to provide the Debtor with DIP Financing shall be referred to as a "**DIP Lender**".

- 7 -

other than quarterly fees due to the United States Trustee's Office and professional fees and expenses specifically identified in the Budget that are incurred by the Debtor in connection with this Chapter 11 Case, provided that such fees and expenses are approved by an order of this Court.

(c)    Termination.  The authorization granted to the Debtor under this Order shall terminate upon the earlier of: (a) April 7, 2019 at 4:00 p.m. (prevailing Eastern Time); (b) the entry by the Court of an order denying the Debtor's authorization to use Cash Collateral; or (c) at the option of SunTrust Bank, upon the occurrence of an Event of Default (as defined below) after notice and the expiration of the cure period as set forth herein.  Notwithstanding any such termination, the rights and obligations of the Debtor and the rights, claims, security interests, liens and priorities of SunTrust Bank with respect to all transactions that occurred prior to the occurrence of any termination, including, without limitation, all replacement liens granted to SunTrust Bank as adequate protection which are provided under this Order, shall remain unimpaired and unaffected by any termination of the Order, shall survive any such termination of the Order, and shall be binding upon the Debtor, its estate, all successors-in-interest to the Debtor, including any Chapter 11 trustee or any Chapter 7 trustee, and all creditors and other parties in interest.

6.    Additional Obligations.  In addition to the terms and conditions set forth in Paragraph 5 above, the Debtor's use of Cash Collateral is subject to all of the following conditions:

(a)    Financial Information and Reporting.  During the period covered by this Order, the Debtor shall provide SunTrust Bank with the following financial information, documentation and reporting, all in a form and content that is acceptable to SunTrust Bank in all respects:

(ii)    Monthly Reports.  On or before 4:00 p.m. on February 15, 2019, the Debtor shall deliver to SunTrust Bank a written report setting forth the Debtor's actual revenues during the previous month, the Debtor's actual detailed expenses during the previous month, the Debtor's profit or loss during the previous month, a comparison of such numbers to the Debtor's projected numbers as set forth in the Budget, the Debtor's current accounts receivable and accounts payable aging statements, and such other information and detail as SunTrust Bank may require.

(b)    Taxes.  During the pendency of this Chapter 11 Case, the Debtor will make all payments that the Debtor is required to make to the Internal Revenue Service, the District of Columbia, the State of Maryland, and all other taxing authorities ("**Taxing Authorities**") with respect to all forms of taxes that come due after the Petition Date, including, without limitation, federal and state income taxes, withholding taxes, personal property taxes and sales taxes (collectively, "**Taxes**"), when and as said payments are due.  At all times hereafter, upon SunTrust Bank's request, the Debtor shall immediately

supply SunTrust Bank with written documentation evidencing that all such Taxes have been paid.

(c)    Insurance. During the pendency of this Chapter 11 Case, the Debtor shall maintain fire, casualty and other hazard insurance with respect to the Collateral, in amounts and under such insurance policies as are acceptable to SunTrust Bank. Simultaneously with the entry of this Order, but in no event later than 4:00 p.m. on January 31, 2019, the Debtor shall provide SunTrust Bank with documentation evidencing the existence of all such insurance policies. In the event that SunTrust Bank has not been named as a sole loss payee or additional insured under each such policy, as the case may be, the Debtor shall immediately take all steps as are necessary to cause SunTrust Bank to be named as such under each such insurance policy and copies of documents evidencing each such amendment shall be provided to SunTrust Bank on or before 4:00 p.m. on January 31, 2019, or at such other time as SunTrust Bank may agree to. All insurance proceeds payable from any such insurance policies, and all insurance proceeds payable in connection with or as a result of any of the Collateral, shall be paid directly to SunTrust Bank to the extent of the indebtedness and obligations that are owed to SunTrust Bank under the Loan Documents and will be applied by SunTrust Bank to reduce such indebtedness and obligations in such order, proportion or manner as SunTrust Bank, in its sole and absolute discretion, deem appropriate.

7.    Disbursement from Cash Collateral. The Debtor is strictly prohibited from making any disbursements from Cash Collateral except: (a) as provided for in the Budget or consistent herewith; (b) as hereafter authorized in writing by SunTrust Bank; or (c) as provided for in any order of this Court entered after notice to SunTrust Bank and an opportunity for hearing.

8.    Grant of Replacement Liens. Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, as adequate protection for all present and future indebtedness and obligations that are owed by the Debtor to SunTrust Bank under the Loan Documents, whether prepetition or post-petition, but only to the extent of any diminution in SunTrust Bank's interest after the Petition Date in Cash Collateral, SunTrust Bank is hereby granted, pursuant to Sections 361 and 363 of the Bankruptcy Code, valid, choate, perfected, enforceable and non-avoidable first-priority security interests and liens in, to and against all present and future proceeds, receipts,

accounts, accounts receivable, products and profits arising from or as a result of the Prepetition Collateral (collectively, the "**Post-petition Collateral**" and, together with the Prepetition Collateral, the "**Collateral**").  The liens and security interests of SunTrust Bank shall at all times be senior to the rights of the Debtor and any successor Chapter 11 trustee or Chapter 7 trustee, any examiner or any responsible person in this or any subsequent proceedings under the Bankruptcy Code and shall be superior in priority to the security interests and liens of SunTrust Bank existing prior to the Petition Date.  Other than as specifically set forth herein, the liens, security interests, and remedies granted to SunTrust Bank under this Order shall not be modified, altered or impaired in any manner by any plan of reorganization or order of confirmation for the Debtor, or by any other financings of, extensions of credit to, or incurring of debt by the Debtor, whether pursuant to Section 363 or 364 of the Bankruptcy Code, or otherwise.  The liens and security interests granted to SunTrust Bank hereunder shall not be subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtor pursuant to Section 551 of the Bankruptcy Code.

9.    Extent of Security Interests.  The liens and security interests granted to SunTrust Bank in this Order on the Collateral shall secure payment of: (a) the Indebtedness and all other present and future indebtedness and obligations that are owed by the Debtor to SunTrust Bank under the Loan Documents, whether prepetition or post-petition, in an amount equal to any diminution in value of SunTrust Bank's interest in the Prepetition Collateral that occurs during the pendency of this Chapter 11 Case, whether such diminution is a consequence of (i) the Debtor's use of Collateral (including the Debtor's consumption of Cash Collateral), (ii) depreciation or price fluctuation in the Collateral, (iii) the conversion of such Prepetition Collateral into Post-petition Collateral, or (iv) any other action, event or circumstance (such as any recoveries from avoidance actions); and (b) all fees, costs and expenses of SunTrust Bank

arising on or after the Petition Date under or in connection with the Loan Documents, the Motion, this Order, or the Debtor's Chapter 11 Case to the extent such fees, costs and expenses are allowable under Section 506(b) of the Bankruptcy Code (collectively, the "**Adequate Protection Obligations**").

10.    <u>No Filing or Recording Necessary</u>.    All agreements, rights, licenses, security interests, deeds of trust, liens and lien rights contemplated or granted by this Order are deemed effective, attach and are perfected as of the commencement of the Petition Date without the necessity of any further filing or recording by SunTrust Bank.  Notwithstanding any otherwise applicable requirements under any state or federal law, SunTrust Bank shall not be required to file financing statements or any other documents in any jurisdiction or take any other action in order to perfect its security interests and liens granted under or pursuant to this Order, provided however that nothing in this Order shall be deemed to prohibit SunTrust Bank's filing of any such documents.  Such security interests and perfection shall be binding, to the extent that the post-petition liens granted to SunTrust Bank herein replace properly perfected prepetition liens, upon any subsequently appointed trustee either in Chapter 11 or any other Chapter of the Bankruptcy Code and upon all creditors of the Debtor who have extended or who may hereafter extend credit to the Debtor or the debtor-in-possession.

11.    <u>Use of Cash Collateral; Adequate Protection Payments</u>.    As additional adequate protection for SunTrust Bank's consent to the Debtor's use of Cash Collateral, commencing on January 1, 2019, and continuing on the first business day of each month thereafter during the period covered by this Order, the Debtor shall tender to SunTrust Bank, in immediately available funds, monthly adequate protection payments each in the amount of Three Thousand Dollars and No/100 Dollars ($3,000.00) (the "**Adequate Protection Payments**").

12.    <u>Accrual of Interest</u>.  Subject to the provisions of Section 506 of the Bankruptcy Code, interest shall continue to accrue on the unpaid principal balance that is owed to SunTrust Bank under the Note at the applicable rate of interest specified therein until all amounts owed under the Loan Documents have been paid in full.

13.    <u>No Encumbrances, Sale or Transfer of Collateral</u>.  No further encumbrances of any kind or type, whether voluntary or involuntary, shall be placed against any of the Debtor's assets without the prior written consent of SunTrust Bank or order of this Court.  The Debtor shall not sell the Collateral or any portion of the Collateral, other than in the ordinary course of business, without SunTrust Bank's prior written consent or by an order of this Court.

14.    <u>Binding Effect of Order</u>.  Unless otherwise provided herein, the terms and conditions of this Order relating to the liens, security interests and priorities granted to SunTrust Bank herein shall be binding upon the Debtor, its estate, its creditors, all other parties-in-interest and all successors-in-interest thereof including, without limitation, any Chapter 11 trustee that may be appointed in the Chapter 11 Case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which the Chapter 11 Case may be converted.  This binding effect is an integral part of the agreement of the Debtor and SunTrust Bank evidenced hereby.  No obligation, payment, transfer or grant of security in favor of SunTrust Bank as authorized by or pursuant to the Order shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim.

15.    <u>Access to Books and Records</u>. In addition to the foregoing protections, the Debtor shall fully comply with its obligations, and shall not breach any material representation or warranty as set forth in the Loan Documents with respect to: (a) access to the Debtor's books and records and the Prepetition Collateral, which provisions shall be deemed to apply to all of the

Collateral; (b) financial and other reporting; (c) inspections and audits (other than an annual accounting audit), and (d) maintenance and preservation of the Prepetition Collateral, which provisions shall be deemed to apply to all of the Collateral, except that the Debtor need not comply with representations as to the absence of any proceeding such as the Debtor's Chapter 11 Case. In addition to the inspection of records permitted by the Loan Documents, the Debtor shall allow SunTrust Bank to review and copy, upon prior written request: (a) all vouchers, invoices, contracts, leases and other writings relating to any and all disbursements made or obligations incurred by the Debtor with respect to the maintenance and operation of its business; and (b) any and all other books and records of the Debtor pertaining to the Debtor's use of Cash Collateral.

16.     Events of Default.  SunTrust Bank may terminate the Debtor's use of Cash Collateral: (i) upon a default under the terms of this Order, or if the Debtor fails to comply with any term or condition set forth herein; (ii) if the Debtor's use of Cash Collateral exceeds its limits set forth in the Budget and this Order; (iii) if this Order is modified, stayed, or amended without the consent of SunTrust Bank; (iv) if a claim or action is instituted, the purpose of which is to seek or obtain any relief invalidating, setting aside, avoiding or subordinating, the Indebtedness, the Loan Documents or SunTrust Bank's liens, security interests, mortgages, rights of setoff, or claims in the Collateral; (v) if the Debtor discontinues its business or is ordered to discontinue its business; (vi) if the Debtor's Chapter 11 Case is converted or dismissed; (vii) if the Debtor files a motion seeking to convert or dismiss the Debtor's Chapter 11 Case, or if any other party in interest files such a motion and fails to dismiss the same within 30 days of the date of filing; or (viii) if the Debtor institutes an action seeking the granting or imposition, under Section 364 of the Bankruptcy Code or otherwise, liens, security interests, or mortgages on any of the Collateral equal or superior to SunTrust Bank's interest in that property (individually, an "**Event of Default**, and collectively, "**Events of Default**"). In addition to the above Events of

Default, the Debtor shall continue to comply with the terms and conditions of the Loan Documents going forward to the extent not modified herein.

17.    <u>Rights Upon Event of Default</u>.    Upon the occurrence of an Event of Default hereunder and the failure of the Debtor to cure the same within three (3) days of the date of written notice from SunTrust Bank's counsel to the Debtor's counsel advising the Debtor of the occurrence of the Event of Default, or upon the expiration of the Debtor's authorization to sue Cash Collateral as provided for in Section 5 above, the Debtor will immediately cease and be enjoined from using Cash Collateral and will provide appropriate evidence to SunTrust Bank of the Debtor's cessation of the use of Cash Collateral.    Furthermore, upon the expiration of the Debtor's authorization to use Cash Collateral as provided for in Section 5 above or upon the occurrence of an Event of Default hereunder and the failure of the Debtor to cure the same within three (3) days of the date of written notice from SunTrust Bank's counsel to the Debtor's counsel advising the Debtor of the occurrence of the Event of Default: (a) the automatic stay under Section 362 of the Bankruptcy Code shall automatically terminate in the Debtor's Chapter 11 case as to SunTrust Bank and the Collateral without further order of the Court; and (b) SunTrust Bank shall be entitled to seek such relief from the Bankruptcy Court as may be necessary to protect SunTrust Bank's interest in the Cash Collateral and the other Collateral. Upon the entry of this Order, no party in interest shall have the right to contest the enforcement of the remedies set forth in this Order on any basis other than an assertion that no Event of Default has occurred, and, except with respect to such an assertion, no party in interest shall have the right to enjoin any such enforcement under Section 105 of the Bankruptcy Code or otherwise, or to seek any injunctive relief inconsistent with the provisions of this Order.    The rights and remedies of SunTrust Bank specified herein are cumulative and not exclusive of any rights or remedies that SunTrust Bank may have under the Loan Documents, applicable law or otherwise.

The Debtor shall cooperate fully with SunTrust Bank (and its various professionals) in connection with SunTrust Bank's exercise of any rights and remedies under the Loan Documents and this Order, whether against the Collateral or otherwise.

18.    Additional Relief.  SunTrust Bank may at any time file a motion with this Court seeking any such additional protection as it may reasonably require with respect to the Debtor's continued use of Cash Collateral or otherwise, including, without limitation, modification or termination of this Order.  Nothing contained herein shall prevent the Debtor or any other party-in-interest from opposing such a motion.  Nothing contained herein shall be deemed to constitute an admission by SunTrust Bank that its interests in the Prepetition Collateral or the Post-petition Collateral are adequately protected within the meaning of Section 361 of the Bankruptcy Code now or at some future time.  SunTrust Bank retains all rights available to SunTrust Bank pursuant to the Bankruptcy Code or any other applicable law, including its right to seek different or additional forms of adequate protection.

19.    Effect of Future Modification of Order.  No subsequent stay, modification, termination, failure to extend the term of or vacation of this Order shall affect, limit or modify any claim, right or lien granted hereunder to SunTrust Bank incurred pursuant to this Order or otherwise, nor shall any such stay, modification, or vacation limit, affect or modify the validity, enforceability or perfection of any security interest, lien, mortgage or priority granted or reaffirmed in connection therewith.

20.    No Requirement to Lend.  Nothing contained in this Order shall require or be deemed to require SunTrust Bank to make any additional loan or loans or to extend further credit or other financial accommodations to or for the benefit of the Debtor.

21.    Effect of Dismissal.  In the event that the Debtor's Chapter 11 Case is dismissed, converted, otherwise superseded or substantively consolidated, neither the entry of this Order nor

the dismissal or conversion of the Chapter 11 Case shall affect the rights of SunTrust Bank under the Loan Documents or the terms and conditions of this Order, including the liens and security interests granted herein, and all the rights and remedies of SunTrust Bank hereunder shall be and remain in full force and effect as if the Chapter 11 Case had not been filed or the Chapter 11 Case had not been dismissed, converted or superseded.

22.    No Effect on Other Rights.  This Order shall not operate to modify, alter, impair, affect, abrogate, amend, restrict, or nullify any rights of SunTrust Bank with respect to any guarantor, person or entity other than the Debtor, nor to release, alter, impair, affect or abrogate any debts, claims, demand, actions and causes of action in law and equity, whether known or unknown, that SunTrust Bank may have as to any guarantor, person or entity other than the Debtor (including, without limitation, any non-debtor guarantors) under the Loan Documents, applicable law, or otherwise.  SunTrust Bank expressly reserves all rights, remedies and interests that it has or may have under the Loan Documents, applicable law, or otherwise.  Failure or delay by SunTrust Bank to insist upon strict performance of any one or more of the provisions of this Order or to exercise any right, power, or remedy upon default under or breach of, this Order shall not constitute a waiver of, or preclude SunTrust Bank from exercising, any right, power or remedy.  SunTrust Bank reserves all of its rights, remedies and interests that they have or may have under agreements, documents or circumstances other than the Loan Documents.

23.    Good Faith.  To the extent of any usage of Cash Collateral during the period set forth in this Order, the Court finds that SunTrust Bank has acted in "good faith" in all respects and on terms as would otherwise be found in an arm's length transaction and in the event of any appeal of this Order, any Cash Collateral used shall be final and non-appealable, unless the party to such appeal shall have obtained a stay of this Order pursuant to the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure.

24.     Budget.  Solely by agreeing to the use of Cash Collateral by the Debtor to make the expenditures set forth on the Budget, in making any decision to release Cash Collateral for the uses and in the amounts specified in the Budget, and by taking any other actions pursuant to this Order, SunTrust Bank shall not be deemed to have assumed any liability to any third party, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner" or "operator" with respect to the operation or management of the Debtor or its assets.  No third party is intended to be or shall be deemed to be a third party beneficiary of the provisions of this Order.

25.     No Waiver of Prepetition Defaults.  (a) The entry of this Order shall not constitute a waiver of any prepetition default or of any right or remedy of SunTrust Bank under applicable non-bankruptcy law; and (b) the Loan Documents and the terms and conditions thereof shall remain in full force and effect, and SunTrust Bank shall be entitled to all rights and privileges thereunder.

26.     Investigation of Prepetition Liens.  No portion of the Prepetition Collateral, the Post-petition Collateral, Cash Collateral, disbursements set forth in the Budget, or the proceeds thereof, shall be used for the payment of professional fees, disbursements, costs or expenses incurred in connection with investigating or asserting any claims or causes of action against SunTrust Bank, including, without limitation, any action challenging or raising any defenses to the Indebtedness or SunTrust Bank's liens and security interests in the Collateral.

27.     Signature of the Debtor.  The signature of any officer or attorney of the Debtor submitted in writing and accepted by SunTrust Bank in writing, whether by letter, facsimile, or email to SunTrust Bank or appearing on any one or more of the aforesaid security agreements, instruments or documents, shall bind the Debtor with respect to documents executed and other actions taken pursuant to this Order.

- 17 -

Case 18-00781-SMT    Doc 81    Filed 04/03/19    Entered 04/03/19 12:50:33    Desc Main
Document    Page 18 of 22

28.    Modification of Automatic Stay.    The automatic stay of Section 362 of the Bankruptcy Code is hereby modified as to SunTrust Bank and the Collateral to the extent necessary to implement the terms of this Order and to permit SunTrust Bank to implement the provisions hereof, including, without limitation, permitting SunTrust Bank, as appropriate, *inter alia*: (a) to receive and apply collection, payments or proceeds of Collateral; and (b) to file any financing statements or other instruments and documents, if any, evidencing its liens and security interests in and to the Collateral.

29.    Vacating of Order.    If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this or any other Court, such stay, modification or vacation shall not affect: (a) the validity of any benefit granted to SunTrust Bank pursuant to this Order with respect to any Cash Collateral released by SunTrust Bank to the Debtor prior to the later of (i) the effective date of such stay, modification, or vacation, or (ii) the Date of receipt of written notice thereof by counsel to SunTrust Bank at each of the addresses listed at the end of this Order (the "**Effective Time**"), or (c) the validity and enforceability of any lien, security interest, mortgage or priority authorized hereby.    Notwithstanding any such stay, modification, or vacation, any use of Cash Collateral made pursuant to this Order prior to the Effective Time shall be governed in all respects by the original provisions of this Order.

30.    Notices.    Any notice which may be required to be given by SunTrust Bank to the Debtor or vice versa shall be sufficient if such notice is sent by email transmission, hand delivery, or regular, certified or registered United States mail to:

Counsel to the Debtor:    Ashvin Pandurangi, Esquire
A.P. Law Group, PLC
7777 Leesburg Pike, Suite 402N
Falls Church, Virginia 22043

- 18 -

Counsel to SunTrust Bank:    Jason W. Hardman, Esquire
CIPRIANI & WERNER, P.C.
6411 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
Email: jhardman@c-wlaw.com

31.    <u>Effective Date of Order</u>.  SunTrust Bank's consent and the Debtor's authority to

use Cash Collateral and this Order shall be effective *nunc pro tunc* as of December 7, 2018.

**SO ORDERED:**

_____

**United States Bankruptcy Judge**

**CONSENTED AND AGREED TO:**

By:    _____/s/ Ashvin Pandurangi_____
Ashvin Pandurangi, Esquire
A.P. Law Group, PLC
7777 Leesburg Pike, Suite 402N
Falls Church, Virginia 22043
Tel:    (571) 969-6540
Email:    ap@aplawg.com

*Attorney for Debtor*

By:    _____/s/ Jason W. Hardman_____
Jason W. Hardman, Esquire
CIPRIANI & WERNER, P.C.
6411 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
Tel:    443.541.5457
Email:    jhardman@c-wlaw.com

*Attorney for SunTrust Bank*

# EXHIBIT A

Case Name:  Upper Cuts Gentlemen's Grooming Place
Case #:     18-13550

Month:

| | Dec. 2018 | Jan. 2019 | Feb. 2019 | March 2019 | April 2019 |
|---|---|---|---|---|---|
| Revenues | $ 54,500.00 | $ 55,000.00 | $ 55,000.00 | $ 55,000.00 | $ 55,000.00 |
| Expenses | $ 45,235.00 | $ 38,685.00 | $ 34,685.00 | $ 32,435.00 | $ 32,435.00 |
| Cash Profit /(Loss) | $ 9,265.00 | $ 16,315.00 | $ 20,315.00 | $ 22,565.00 | $ 22,565.00 |

|  | Dec 2018 | Jan 2019 | Feb 2019 | Mar 2019 | April 2019 |
|---|---|---|---|---|---|
| Payroll | 20000 | 21000 | 21000 | 21000 | 21000 |
| Payroll Taxes | 3800 | 4000 | 4000 | 4000 | 4000 |
| Suntrust | 3000 | 3000 | 3000 | 3000 | 3000 |
| C&W (Rent) | 6000 | 6000 | 6000 | 6000 | 6000 |
| Pepco | 350 | 350 | 350 | 350 | 350 |
| Verizon | 900 | 900 | 900 | 900 | 900 |
| Insurance | 125 | 125 | 125 | 125 | 125 |
| Clover | 135 | 135 | 135 | 135 | 135 |
| Supplies | 250 | 250 | 250 | 250 | 250 |
| Advertising | 75 | 75 | 75 | 75 | 75 |
| Cleaning | 500 | 500 | 500 | 500 | 500 |
| Misc | 100 | 100 | 100 | 100 | 100 |
| Legal/Professional | 10,000 | 1250 | 1250 | 0 | 0 |
|  |  |  |  |  |  |
| Expenses | 45235 | 38685 | 34685 | 32435 | 32435 |
| Revenue | 54500 | 55000 | 55000 | 55000 | 55000 |