**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-00781-SMT |
| UPPER CUTS GENTLEMEN'S | ) | (Chapter 11) |
| GROOMING PLACE, L.L.C., | ) | |
| | ) | |
|     Debtor. | ) | |
| | ) | |

**MOTION FOR APPROVAL OF AMENDED CONSENT ORDER
AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND GRANTING
ADEQUATE PROTECTION TO SUNTRUST BANK PURSUANT TO 11 U.S.C. § 363**

Upper Cuts Gentlemen's Grooming Place, L.L.C. (the "**Debtor**"), hereby files this *Motion for Approval of Amended Consent Order Authorizing Debtor's Use of Cash Collateral and Granting Adequate Protection to SunTrust Bank Pursuant to 11 U.S.C. § 363* (the "**Motion**"), and states as follows:

**Statement Pursuant to Bankruptcy Rule 4001**

1. The Debtor is a District of Columbia limited liability company that owns and operates a men's hair salon business located at 716 14th Street, NW, Washington, D.C. 20005.

2. By this Motion, the Debtor seeks the entry of a proposed Amended Consent Order (the "**Consent Order**"): (a) authorizing the Debtor's continued use of Cash Collateral (as defined below) of SunTrust Bank, which holds first-priority duly perfected liens and security interests on such Cash Collateral, and (b) granting SunTrust Bank adequate protection of its interest in Cash Collateral pursuant to Sections 361 and 363(e) of 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"). A true and correct copy of the proposed Consent Order is attached hereto as **Exhibit 1**.

3.  The material provisions of the proposed Consent Order are as follows:[1]

(a)  <u>Use of Cash Collateral</u>.  The Debtor will be authorized to continue using Cash Collateral for the period beginning on April 7, 2019 and continuing to and until 4:00 p.m. on July 6, 2019, but shall only use Cash Collateral during such time period to the extent and in the amounts set forth in the Budget appended to the Consent Order and subject to the other terms, conditions and limitations set forth in the Consent Order.  *See* Consent Order at ¶ 5(a).

(b)  <u>Adequate Protection</u>.  SunTrust Bank shall receive: (i) monthly adequate protection payments in the amount of $3,500.00; and (ii) first-priority duly perfected replacement liens on all the post-petition assets of the Debtor pursuant to Section 361 of the Bankruptcy Code to the extent of diminution in the value of SunTrust Bank's interest in the Cash Collateral.  The replacement liens granted to SunTrust Bank shall not be subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtor pursuant to Section 551 of the Bankruptcy Code.  *See* Consent Order at ¶¶ 8, 9 and 11.

(c)  <u>Accrual of Interest</u>.  Subject to the provisions of Section 506 of the Bankruptcy Code, interest shall continue to accrue on the unpaid principal balance that is owed to SunTrust Bank under the Note at the applicable rate of interest specified therein until all amounts owed under the Loan Documents have been paid in full.  *See* Consent Order at ¶ 12.

(d)  <u>Determination of Validity, Enforceability, Priority, Amount and Secured Status of SunTrust Bank's Claim</u>.  Pursuant to the Consent Order, the Debtor acknowledges, ratifies and confirms the following:

- As of December 7, 2018, the Indebtedness owed by the Debtor to SunTrust Bank under the Loan Documents, excluding costs, expenses and attorneys' fees, amounted to $192,451.80 consisting of principal in the amount of $176,031.87, accrued and unpaid interest in the amount of $14,307.07 and late charges in the amount of $2,112.86.  *See* Consent Order at ¶ J.

- All of the Loan Documents are valid and enforceable against the Debtor in accordance with their terms.  *See* Consent Order at ¶ K(i).

- All Indebtedness evidenced by the Loan Documents is due and owing, is a legal, binding and enforceable obligation of the Debtor, is not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and is not subject to avoidance, disallowance, reduction or subordination pursuant to applicable state or federal laws.  *See* Consent Order at ¶ K(ii).

---

[1] Unless otherwise provided, all capitalized terms used herein shall have the same meanings as ascribed to them in the Proposed Order.

- SunTrust Bank holds valid, enforceable and properly perfected first-priority liens and security interests in, to and against all of the Prepetition Collateral, and all proceeds, products, offspring and profits thereof, and SunTrust Bank's liens and security interests with respect to the Prepetition Collateral are not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and are not subject to avoidance, disallowance, reduction or subordination pursuant to applicable state or federal laws. *See* Consent Order at ¶ K(iii).

- The Debtor has no existing claims, causes of action, breaches of contract or other liabilities, whether liquidated or unliquidated, direct or indirect, and whether arising under state or federal law against SunTrust Bank or any other SunTrust Parties arising from or in any way relating to the Loan, the Loan Documents or the Prepetition Collateral, or the SunTrust Parties' dealings with the Debtor or any guarantor in connection with the Loan, the Loan Documents or the Prepetition Collateral. *See* Consent Order at ¶ K(iv).

(e) <u>Modification of Automatic Stay</u>. The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated as to SunTrust Bank and the Collateral to the extent necessary to implement and effectuate the terms and provisions of the Consent Order and otherwise permit SunTrust Bank to perform any act authorized or permitted under the Consent Order. *See* Consent Order at ¶ 28.

(f) <u>Modification of Authority to Encumber, Sell or Transfer Collateral</u>. The Consent Order provides that: (i) no further encumbrances of any kind or type, whether voluntary or involuntary, shall be placed against any of the Debtor's assets without the prior written consent of SunTrust Bank or order of the Bankruptcy Court; and (ii) Debtor shall not sell the Collateral or any portion of the Collateral, other than in the ordinary course of business, without SunTrust Bank's prior written consent or by an order of the Bankruptcy Court. *See* Consent Order at ¶ 13.

(g) <u>Waiver of Applicable Nonbankruptcy Law Relating to Perfection of Liens</u>. The Consent Order is deemed to be sufficient and conclusive evidence of the priority, perfection, and validity of the post-petition liens and security interests granted to SunTrust Bank therein, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the subject Collateral, or other act to validate or perfect such lien or security interest. *See* Consent Order at ¶ 10.

(h) <u>Waiver of Certain Claims</u>. Pursuant to the terms of the Consent Order, the Debtor is deemed to have waived any right to challenge or contest the validity of the Indebtedness, the Loan Documents or SunTrust Bank's liens and security interests in the Prepetition Collateral. *See* Consent Order at ¶ L.

(i) <u>Binding Effect of Order</u>. The terms and conditions of the Consent Order relating to the liens, security interests and priorities granted to SunTrust Bank therein shall be binding upon the Debtor, its estate, its creditors, all other parties-in-interest and

all successors-in-interest thereof including, without limitation, any Chapter 11 trustee that may be appointed in the Chapter 11 Case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which the Chapter 11 Case may be converted. No obligation, payment, transfer or grant of security in favor of SunTrust Bank as authorized by or pursuant to the Consent Order shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim. *See* Consent Order at ¶ 14.

## Background

### *The Bankruptcy Case*

4. On December 7, 2018 (the "**Petition Date**"), the Debtor commenced this Chapter 11 case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (the "**Court**").

5. Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

6. As of the date of this Motion, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors in this case.

### *The SunTrust Bank Loan and Prepetition Collateral*

7. Prior to the Petition Date, SunTrust Bank extended a $233,000.00 commercial loan (the "**Loan**") to the Debtor, as evidenced by, among other things, a *$233,000.00 Note,* dated June 12, 2015, executed and delivered by the Debtor to the order of SunTrust Bank (the "**Note**").

8. The indebtedness and obligations owed to SunTrust Bank under the Note are secured by duly perfected, first-priority liens and security interests in, to and against all assets of the Debtor, including, without limitation, all of the Debtor's right, title and interest now existing or hereafter acquired in all accounts, accounts receivable, contracts, contracts receivable,

inventory, furniture, fixtures and equipment, general intangibles, instruments, documents, chattel paper, insurance proceeds, deposit accounts, and all proceeds, products, offspring and profits of all of the foregoing, pursuant to and as more particularly described in: (a) a *Security Agreement*, dated June 12, 2015, executed and delivered by the Debtor in favor of SunTrust Bank; and (b) a *Financing Statement* given by the Debtor in favor of the Bank, and recorded in the Office of the Recorder of Deeds for the District of Columbia (collectively, the "**Security Documents**").

9. The Note, the Security Documents, all other documents evidencing, securing, guarantying or otherwise documenting the indebtedness and obligations owed to SunTrust Bank under the Loan, and all other documents relating thereto and/or executed in connection therewith, are hereafter collectively referred to as the "**Loan Documents**".

10. For purposes of this Motion, all assets that serve as security for the indebtedness owed to SunTrust Bank under the Loan Documents are hereafter collectively referred to as the "**Prepetition Collateral**".

### *The Debtor's Need for Continued Use of Cash Collateral*

11. All cash proceeds, products, offspring and profits of the Prepetition Collateral that come into the possession, custody or control of the Debtor (both pre-petition and post-petition) constitute SunTrust Bank's cash collateral (collectively, the "**Cash Collateral**") as that term is defined in Section 363(a) of the Bankruptcy Code. The Debtor is not authorized to use SunTrust Bank's Cash Collateral absent SunTrust Bank's consent to such usage or the entry of an order of this Court authorizing such use pursuant to applicable bankruptcy law.

12. Previously hereto, this Court entered a *Stipulation and Consent Order* (the "**First Consent Order**") [Dkt. No. 81] authorizing the Debtor's use of Cash Collateral and granting adequate protection to SunTrust Bank pursuant to Section 363 of the Bankruptcy Code. Pursuant

to the First Consent Order, the Debtor was authorized to use SunTrust Bank's Cash Collateral for the period between the Petition Date and 4:00 p.m. on April 7, 2019, subject to the terms, conditions and limitations set forth in the First Consent Order.

13. The Debtor has a continuing need to use SunTrust Bank's Cash Collateral to fund its business operations. A schedule of the Debtor's cash requirements is set forth in the budget (the "**Budget**") attached hereto as **Exhibit A** and incorporated by reference herein.

14. As indicated above, the Debtor is not authorized to use SunTrust Bank's Cash Collateral absent SunTrust Bank's consent to such usage or the entry of an order of this Court authorizing such usage. In all circumstances, SunTrust Bank is entitled to adequate protection of its interest in the Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code, including, without limitation, compensation to SunTrust Bank for any loss or diminution in the value of the Cash Collateral resulting from the Debtor's use of the same.

15. SunTrust Bank is willing to consent to the Debtor's continued use of Cash Collateral pursuant to the Budget and subject to the terms, conditions and limitations contained in the proposed Consent Order.

### Relief Requested

16. By this Motion, the Debtor seeks the entry of the Consent Order permitting the Debtor's continued use of Cash Collateral and granting SunTrust Bank adequate protection of its interest in the Collateral and Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code.

17. The Debtor will be permitted to use Cash Collateral only for the time period set forth in the Consent Order, and only in the amounts and category limits set forth in the Budget appended to the Consent Order.

18. The Debtor shall not use Cash Collateral to pay any administrative expenses or professional fees of the Debtor or the Debtor's estate, other than quarterly fees due to the United States Trustee's Office and professional fees and expenses specifically identified in the Budget that are incurred by the Debtor in connection with this Chapter 11 Case, provided that such fees and expenses are approved by an order of this Court.

19. The authorization granted to the Debtor under the Consent Order will terminate upon the earlier of: (a) 4:00 p.m. on July 6, 2019; (b) the entry by the Court of an order denying the Debtor's authorization to use Cash Collateral; or (c) at the option of SunTrust Bank, upon the occurrence of an "Event of Default" (as defined in the Consent Order) after notice and the expiration of the cure period as set forth in the Consent Order.

20. The Debtor and SunTrust Bank have also agreed that, upon the occurrence of an Event of Default under the Consent Order after notice and the expiration of the cure period as set forth therein, or upon the expiration of the Debtor's authorization to use Cash Collateral as provided for in the Consent Order: (a) the Debtor will immediately cease and be enjoined from using Cash Collateral and will provide appropriate evidence to SunTrust Bank of the Debtor's cessation of the use of Cash Collateral; and (b) SunTrust Bank, immediately thereafter, shall be entitled to seek such relief from the Bankruptcy Court as may be necessary to protect SunTrust Bank's interest in the Cash Collateral and the other Collateral.

21. The material terms of the proposed Consent Order are described in Paragraph 3 above, pursuant to Bankruptcy Rule 4001(d)(1)(B).

22. The Debtor has a continuing need to use SunTrust Bank's Cash Collateral to fund the Debtor's critical business operations.  In the absence of the entry and continued effectiveness of the Consent Order, SunTrust Bank will not consent to the Debtor's continued

use of Cash Collateral. Consequently, the Debtor respectfully submits that the replacement liens, the Adequate Protection Payments and the other rights granted to SunTrust Bank in the proposed Consent Order are necessary and appropriate to obtain SunTrust Bank's consent to the Debtor's continued use of Cash Collateral and to provide adequate protection for SunTrust Bank's interest in such Cash Collateral.

23. Good and sufficient cause exists for the entry of the proposed Consent Order. Among other things, the entry of the Consent Order will minimize the disruption of the Debtor's existing business and enable the Debtor to, *inter alia*, continue to fund its critical business operations, pay taxes, insurance and other carrying costs related to the Debtor's business, and maintain adequate cash resources to administer and preserve the value of the Debtor's business and the Collateral.

### Notice of Motion and Consent Order

24. Notice of this Motion and the proposed Consent Order has been served by first-class mail, postage prepaid, to: (a) the Office of the United States Trustee for the District of Columbia; (b) all parties asserting an interest in the Cash Collateral; (c) all creditors of record in this Chapter 11 Case; and (d) all parties requesting notice and all other parties entitled to receive notice in this Chapter 11 Case, pursuant to Sections 102, 105, 361, and 363 of the Bankruptcy Code, Federal Bankruptcy Rule 4001 and the applicable Local Rules of this Court.

## Conclusion

**WHEREFORE**, based on the reasons set forth above and any additional reasons that may be stated at a hearing on this Motion, the Debtor respectfully requests this Court:

    A.    Grant this Motion;

    B.    Enter the proposed Consent Order authorizing the Debtor's continued use of Cash Collateral and granting SunTrust Bank adequate protection of its interest in the Collateral and Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code; and

    C.    Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted

DATE: May 2, 2019

/s/ Ashvin Pandurangi
Ashvin Pandurangi, Esq. (VSB#86966)
AP Law Group, PLC
211 Park Ave.
Falls Church, Virginia 22046
Tel:   (571) 969-6540
Fax:  (571) 699-0518
Email: ap@aplawg.com

*Counsel for Debtor, Gentlemen's Grooming Place, L.L.C.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day or May 2019, notice of this Motion and the proposed Consent Order has been served by first- class mail, postage prepaid, to: (a) the Office of the United States Trustee for the District of Columbia; (b) all parties asserting an interest in the Cash Collateral; (c) all creditors of record in the Chapter 11 Case; and (d) all parties requesting notice in this Chapter 11 Case, pursuant to Sections 102, 105, 361, and 363 of the Bankruptcy Code, Federal Bankruptcy Rule 4001 and the applicable Local Rules of this Court.

                                                    /s/ Ashvin Pandurangi

Ameriquest
2 Huntington Quad SO
Suite 202D
Melville, NY 11747

Associated Credit Services Inc.
PO Box 5171
Westborough, MA 01581

Bond Washington, LLC
1401 New York Ave. NW
Suite B100
Washington, DC 20005

Govt of District of Columbia
Office of Tax and Revenue
1101 4th Street, SW
Washington, DC 20024

Green Capital Funding LLC
53 Mason St.
Suite 6B
Riverside, CT 06878

IRS Centralized Insolvency Op
PO Box 7346
Philadelphia, PA 19101

Mark McIntosh
4915 Virginia St.
Alexandria, VA 22312

Maryland Department of Taxation
60 West Street
Suite 102
Annapolis, MD 21401

SunTrust Bank
303 Peachtree Street, NE
Suite 900
Atlanta, GA 30308


Virginia Dept of Taxation
P.O. Box 997
Spotsylvania, VA 22553